Nash v Druyan (2020 NY Slip Op 02890)





Nash v Druyan


2020 NY Slip Op 02890


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Friedman, J.P., Gische, Kapnick, González, JJ.


11528 100274/16

[*1] Luke Nash, Plaintiff-Appellant,
v
Martin Druyan, Defendant-Respondent.


Luke Nash, appellant pro se.
Traub Liberman Straus & Shrewsberry LLP, Hawthorne (Christopher Russo of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about February 25, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Summary judgment was properly granted in this legal malpractice action, as plaintiff failed to raise an issue of fact as to proximate causation (see Global Bus. Inst. v Rivkin Radler LLP, 101 AD3d 651, 651 [1st Dept 2012]; Brooks v Lewin, 21 AD3d 731, 734 [1st Dept 2005], lv denied 6 NY3d 713 [2006]). Plaintiff claims that but for defendant's legal malpractice, witnesses related to the corporal punishment charge asserted against him by the New York City Board of Education (BOE) would have testified at a 2013 hearing, he would have been represented by his union at that hearing, and the hearing would have been invalidated on procedural grounds. However, plaintiff failed to submit evidence showing that the witnesses' testimony would have exonerated him of the charge, or that his teaching licences would not have been revoked absent a finding that he engaged in corporal punishment.
Plaintiff also failed to submit evidence showing that invalidation of the 2013 hearing would have barred the BOE from terminating his teaching licenses. Assuming that the 2013 hearing was deemed invalid and the resulting termination of the teaching licenses was vacated, there is no basis to find that plaintiff's case would not have been remitted, again, to the BOE for a proper de novo hearing. For the reasons discussed above, plaintiff failed to show that if his case had been remitted for a new hearing, his teaching licenses would not have been terminated.
We decline to consider plaintiff's arguments raised for the first time on appeal. Were we to reach the arguments, we would find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK